**(REC. IN DRIVE 7/15/20) RG

18-CR-103 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 09 2020 ★
BROOKLYN OFFICE

I Karl Clarke Defendant acting Prose in This Motion Asks The Court to review This request under HAines v. Kerner 404 U.S. 519, 520 92 S.Ct 594, 30 L.Ed. 652 (1972). That the Court hold Defendant to less Stringent Standard.

RECEIVED
JUL 09 2020
PRO SE OFFICE

ON JULY 1st I called My Lawyer Susan Kellman I Ask her to submit a Motion an she said no she will not. The Motion is to vacate or Dismiss Count, 4, four count four is 18 USC 924(c) (1) (A) ii Possessing, Brandishing a firearm During Crimes of Violence in furtherance of Count, 3, Three, Attempted Hobbs Act Robbery. I'm Asking to dismiss The 924 (c) Count 4 from the indictment on The grounds that Attempted Hobbs Act Robbery categorically Crimes of Violence following U.S. v. Davis, 139 S. CT. 2319, 204 L. Ed. 2d 757 (2019). My Lawyer Susan Kellman told me she will not submit The Motion and The, Davis, do not Apply I told her it do APPly because Mis JAN Rostall from The federal Defender told it do and I Know She is lying to me Because She do not want to help Because This is the second time I'm Asking her to submit A Motion And She told me no the 1st time she Threw it in My face and Said I'm guilty of The charges and She took The case to find Me guilty I told her The 924(C) is unconstitutionally vague and I'me not guilty of nothing She said what do unconstitutionally vague Mean. I told her She is My Lawyer She Should now She said you dont now what it mean so why Should I help you This was in May 2020 I told her I was going to fire her and She send me letters Apologizing and telling Me She would take The case More serious she went to the government Asking for My case file I recived an thretend letter from her Through The goverment tell me or forcing me to sign the Plea Agreement and if I didn't They will superceed un The charges They told me They would go Back to The grand jury and to seek to add charges for each of The other robberies and add a consecutive guns charges as to each count an add considerably Mor Mandatory time in oThe words They would stack the Hobbs Act Robbery and Stack The 924 (c). That is eliegal Acording to the first Step Act

(2)

ON JULY 1st

I told My Lawyer Susan Kellman That The 924 (c) is unconstitutionally vague According to The Residual Clause, She told Me or ask me what do Residual clause mean she said you dont no do you I saide to her its not about if I now or not its for her to Know she is my Lawyer I Read my case till That I Print out under UNITED STATES of AMERICA, Plaintiff-Appellee -V- MAURICE LAMONT DAVIS I allso Read UNITED STATES of AMERICA, Plaintiff, v. TAMBHIA TUCKER, Defendant. United States District Court for The Eastern District of New York January 8 2020, I told My Lawyer That The case do Apply Because The Charge Hobbs Act Robbery under 18 U.S.C 1951, an Attempted Hobbs Act Robbery 18 U.S.C 1951, with The 924 (c) is The Same As my case it is The same Charge so how is it do not Apply She is Lying to me and she is not trying to help me all I ask is for Justice and she is not giving me That She said She was trying to main. IM Asking please fire My Lawyer du to INEffective Assistance She is not

helping me and she refused to fille the motion's I ask her to submit She want me to go to triell and I do not want to go to triell. I want The motion submited to dismiss Count 4 924 (c) from The INDICTment.

The 924(c) defines a "crime of violence" as a felony That: (2020 U.S Dist. LEXIS 14) (A) has as an element The use, attempted use or Threatened use of Physical force against The person or Property of another, or (B) That by its nature involves a substantial risk That Physical force against The person or property of another may be used in The course of committing The offense. 18 U.S.C. 924(c)(3). In Davis, The Supreme Court ruled That Subsection (B) ("The residual Clause") was unconstitutionally vague. 139 S. Ct. at 2336. As a result, to qualify as a crime of violence under 924(c), a crime must have as an element The use, attempted use, or Threatened use of Physical force. 18 U.S.C. 924(c)(3)(A) ("the elements clause"). Following Davis. it is Clear That Hobbs Act conspiracy is not Categorically a Crime of Violence and Therefore, count one no longer support a 924(c) Charge. see United States V. Barrett, 937 F. 3d 126. 129 (2d Cir. 2019). Thus, The dispositive issue in this motion is whether attempted Hobbs Act Robbery is necessarily a crime of violence.

A. Legal Standard

In determining whether a crime "has as an element The use, attempted use, or Threatened use of Physical force," This Court must apply The "Categorical approach." An attempt Conviction has two elements: 1) intent to commit the Underlying Crime and 2) taking a substantial step toward its completion. A court must examine "The Minimum Criminal Conduct necessary

for conviction under a particular statute."

Hendricks, 921 F.3d at 327 (emphasis added). This is especially true given the "wide ... ambit of attempt liability," under federal law. Farhane, 634 F.3d 127, 146 (2d Cir. 2011).

For these reasons, this Court concurs with judge Pryor and two other judges of the 11th circuit that, "it is incorrect to say that a person necessarily attempts to use physical force within the meaning of 924(c)'s elements clause just because he attempts a crime that, if completed would be violent." United States v. St. Hubert, 918 F.3d 1174, 1212 (11th cir. 2019) (Jill Pryor, J., joined by Wilson and Martin, JJ., dissenting from the denial of rehearing en banc). The court now turns to the categorical analysis. Relying on Jackson, the defense reasonably interprets "surveillance" as the "minimum criminal conduct," necessary to convict for attempted Hobbs Act robbery. (Dkt. 52 at 3). Thus, the question becomes whether a person conducting surveillance of a target with the intent to commit robbery necessarily uses, attempts to use, or threatens the use of force. This Court finds Judge Pryor persuasive on the point:

We can easily imagine that a person may engage in an overt act – in the case of robbery, for example, overt acts might include renting a getaway van, parking the van a block from the bank, and approaching the bank's door before being thwarted – without having used, attempted to use, or threatened to —

use force. Would this would-be robber have intended to use, attempt to use, or threaten to use force? Sure. Would he necessarily have attempted to use force? No. St. Hubert, 918 F.3d 1174, 1212 (Pryor, dissenting from the denial of rehearing en banc) (emphasis in original).

Accordingly, in agreement with Alfonso, this court finds that given the broad spectrum of attempt liability, "the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence." 2019 U.S. Dist. LEXIS 73185 2019 WL 1936299 at *3. For that reason, Count Three is dismissed. In tucker's case

I beleved, that analyses applyse to me due to the Attempted Hobbs Act Robbery 18 U.S.C.S. 1951 inlight of those elements, and the 18 U.S.C.S. 924 (c) count (count four) on the INDICtMent should be dismissed. 924 (c)'s residual Clause was unconstitutionally vague.

ACcording to the Threatened letter from my Lawyer through the AUSA Moscow forcing me to sign the Plea AGREeMent I was AFRIAD and I did sign the Plea AGReeMent and I sent it with Letters to My Lawyer I ask My Lawyer on July 1st if she submit the Plea AGReeMent She said no she did not I told her Good Becouse I'm not pleading Gilty to it I told her to tier it up because I'm fighting

(6)

for Justice the trueth shall set me free becouse Nicholas J. Moscow A. U.S. A wants me to lige in court And I refuse to lige She said she will not stand next to me if I lige onder outh I told her exactley Thats why I want her to teir up the Plea AGreemet and do not submit it The letter I sent her contion's The informaition to her IWEffective Cousell. I sent it to her

Becouse I had gave her a secound Chance but She refuse to submit The motion and she Keep Throwing it in My face and She wants to go to trial it is as if She love trial and She is not doing nothing I Ask. At This time I'm in a QuaRontine unit Becouse I was Throwing up Blood since March 24, 2020 I was not able to get Medical attension untill 6/29/20 They finally took me to the N.Y.U.L.H.B an Hospital in Brooklyn I show The C.O a cup full of Blood I was Spitin up and vomiting and finaly I resive some attension IM on QUaRontine for 14 days I Started tuesday morning when I came Back from the Hospitall some people have covid 19 simtom some do not and every one Recive I houre Rec a 15 Minit Phone call and a 10 or 30 minit shower. I allso have H.P.V virwse were I was Bleding in my privit and I receved no Medical Atension from March 24 till May 1, 2020

Mr. Karl Clarke
Inmate #90627-053
Metropolitan Detention center
P.O. Box 329002
Brooklyn, NY 11232

NEW YORK NY 100
05 JUL 2020 PM 1 1

FOREVER USA
FOREVER USA

Judge Brian Cogan
225 Cadman Plaza East
Brooklyn, New York 11201

SWSN

11201$1832 C030